**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| DYSON, INC., | : | CIVIL ACTION NO.: |
|  | : |  |
|  | : | 09 CV _____ |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : | **JURY TRIAL DEMANDED** |
| EURO-PRO OPERATING LLC, | : |  |
|  | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

_____

## COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF

Plaintiff DYSON, INC. ("Dyson"), complains against Defendant EURO-PRO

OPERATING LLC ("Euro-Pro"), and alleges as follows:

## INTRODUCTION

1.    This is a civil action for false advertising under the Lanham Act, 15 U.S.C.

§1125(a), for dilution under 15 U.S.C. §1125(c), and for related violations of the Massachusetts

Unfair Business Practice Act, Mass. Gen. Laws ch. 93A, §§ 2 and 11.  Dyson seeks preliminary

and permanent injunctive relief, statutory, punitive and compensatory damages, attorneys' fees

and Euro-Pro's profits.

2.    Dyson sells and distributes vacuum cleaners, other consumer products and related

accessories. Dyson is widely known in the United States and abroad as the leading innovator in

the vacuum industry.  Dyson's sophisticated, top-quality and highly popular vacuum cleaners

have taken the US market by storm due to their patented advancements in both design and functionality.

3.     One of Dyson's most popular vacuum models in the US is the Dyson DC25 All Floors model (the "DC25"). The success of the DC25 is due in large part to two incomparable features which provide advances over other competing vacuums: (1) Dyson's patented Dyson Ball™ technology, which allows for increased maneuverability of the vacuum cleaner over standard wheeled upright vacuums, and (2) Dyson's patented "no loss of suction" cyclonic technology which results in unparalleled cleaning capability for the life of the vacuum.

4.     Euro-Pro offers for sale in the US a vacuum cleaner called the Shark Navigator. The Shark Navigator competes with Dyson's DC25 and other Dyson vacuum cleaners in the US market for household upright vacuum cleaners. In the Euro-Pro advertising at issue in this case, Euro-Pro explicitly compares the Shark Navigator to the Dyson DC25, and claims that the Shark Navigator performs equally as well as the Dyson DC25 in various respects. In fact, the Shark Navigator does not even approach the technological advances and performance of the Dyson DC25. The Dyson DC25 is a high-end machine with the finest mechanical engineering in the market; the Shark Navigator is not even close to equivalent to the DC25 in design or performance.

5.     This action arises from an aggressive advertising campaign for the Shark Navigator that Euro-Pro recently began and which continues to run in this District and throughout the US. In its advertisements, Euro-Pro attempts to piggyback off the Dyson brand and its superior features and performance by portraying the Shark Navigator vacuum as the lower-cost *performance equivalent* of the Dyson DC25. Euro-Pro's advertisements falsely represent to consumers that Euro-Pro's Shark Navigator is at parity with and/or superior to the

Dyson DC25 in the following ways: (1) falsely claiming that independent lab tests prove that the Shark Navigator is just as maneuverable as the DC25; (2) falsely claiming that independent lab tests prove that the Shark Navigator is "just as easy to push and pull" as the DC25; (3) falsely claiming that independent tests prove the Shark Navigator is at parity with the DC25 in "deep cleaning" capability; (4) falsely claiming that Shark Navigator offers "superior bare floor cleaning"; (5) falsely claiming that the Shark Navigator "never loses suction"; and (6) falsely claiming that the Shark Navigator's suction power is equivalent to, superior to, or has 4 times more suction power than, a Dyson vacuum.

6.     On information and belief, Euro-Pro's tests do not prove any of the challenged advertising claims.  Moreover, testing conducted and/or commissioned by Dyson demonstrates that Euro-Pro's push/pull parity claim and deep cleaning parity claims are literally false. Similarly, Euro-Pro's claim that the Shark Navigator is as maneuverable as the Dyson DC25 is also false; the wide range of motion enabled by the Dyson DC25's Ball™ technology makes the DC25 far more maneuverable than the Shark Navigator, which has a much more limited range of motion due to the fact it rests on two fixed-axle wheels which cannot pivot.

7.     Euro-Pro's dissemination of false and misleading claims in the advertising at issue in this case deceives the consuming public into the false belief that the much lower-priced Shark Navigator offers the same high-quality performance and advanced technology of the Dyson vacuum.  Moreover, Euro-Pro's television and internet commercials tarnish and disparage the Dyson brand with a denigrating caricature of the Dyson vacuum cleaner and brand.

8.     The monetary and reputational damage to Dyson's vacuum cleaner products that Euro-Pro's campaign of false advertising has already caused is considerable, and will likely grow

rapidly unless Euro-Pro is preliminarily and then permanently enjoined from continuing to make these false statements to consumers.

## THE PARTIES

9.     Plaintiff Dyson is an Illinois corporation having its principal place of business at 600 West Chicago Avenue, Suite 275, Chicago, Illinois 60654.  Dyson is an affiliate of the Dyson group of companies based in the United Kingdom (Dyson and the Dyson group of companies are sometimes collectively referred to as the "Dyson Companies").  The Dyson Companies design, manufacture, market and sell technology products and related accessories, including cylinder, upright and handheld vacuum cleaners, and various parts and accessories for those vacuum cleaners.  These products, including vacuum cleaners, are sold throughout the United States and in the Commonwealth of Massachusetts, including this judicial district.

10.     Upon information and belief, Euro-Pro Operating LLC, is registered as a limited liability company in the Commonwealth of Massachusetts with its principal place of business at 1210 Washington Street, Newton, Massachusetts 02465.  Euro-Pro markets and sells consumer appliances in North America, including vacuums, cleaning products, garment care products, and small kitchen appliances.  Euro-Pro's products, including the Shark Navigator, are sold throughout the United States and in the Commonwealth of Massachusetts, including in this judicial district.  The offending advertising statements have been broadcast and otherwise published in various locations throughout the country, including this judicial district.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest

4

and costs, and is between citizens of different States.  The Court has supplemental jurisdiction over Dyson's state law claims pursuant to 28 U.S.C. §1367(a).

12.    This Court has personal jurisdiction over Euro-Pro because Euro-Pro has a principal place of business in the Commonwealth of Massachusetts, and sells products and offers products for sale (including via advertising at issue in this suit) in the Commonwealth.  The Court also has personal jurisdiction over Euro-Pro under Mass Gen Laws. Ch. 223A §3, because, *inter alia,* Euro-Pro has disseminated the advertisements at issue in Massachusetts, including in this judicial district, and otherwise conducts business in the Commonwealth of Massachusetts, including in this judicial district.

13.    Venue is proper in this federal judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c) because Euro-Pro is subject to personal jurisdiction in this judicial district, and on that basis is deemed to reside in this district.  Venue is also proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district.

## FACTS

### Dyson's Technologically-Advanced Vacuums and its DC25 "All Floors" Model

14.    Research, design and development are at the core of the Dyson Companies' business.  Dyson vacuum cleaners were originally developed as a solution to the problem plaguing conventional bagged vacuum cleaners—the loss of suction power and cleaning capability as airflow to the vacuum bag was blocked by dust.  To solve the loss of suction problem associated with traditional vacuums, the Dyson Companies' founder, chairman and principal inventor, James Dyson, experimented for five years to develop a cyclonic vacuum technology that separated dirt and debris from the vacuum's incoming air flow while maintaining

a constant high level of suction through the life of the vacuum.  This technology was developed

as Dyson's Dual Cyclone™ technology and then further perfected into Dyson's Root Cyclone™

technology, which spreads the air flow through many cyclones to generate even higher suction

power, resulting in vacuums with more dust and dirt pick up and even better cleaning

performance.  Instead of relying on bags and filters to trap dust, a Dyson vacuum uses its

patented Cyclone™ technology to spin dirt out of the air.

     15.   During the 1980s and 1990s, the Dyson Companies obtained patents and

introduced their vacuum cleaners in Japan and the United Kingdom, where they rapidly gained

market share.  In just a few short years, Dyson vacuum cleaners went from being a new entrant

in the British market to the British market leader in dollar volume of sales.  The same thing

occurred in the US.  Dyson vacuum cleaners were not introduced in the US until 2002, but by

2005, Dyson was the largest selling brand of upright vacuum cleaners in the US by dollar

volume of sales.  Today Dyson remains the US market leader, with at least 30% of the vacuum

market dollar share.

     16.   The Dyson Companies' history of product innovation continued with the

development of the Dyson Ball™ technology, which greatly enhanced the maneuverability of

Dyson vacuum cleaners.  James Dyson began working on the development of the Dyson Ball™

technology in about 2001.  After approximately 4 years of development, the first marketed

Dyson vacuum with the Dyson Ball™ technology was introduced in the UK and the US  in 2005.

Using a single large, colored, glass-reinforced polypropylene ball as its base (*see* image on next

page), the Dyson Ball™ vacuum cleaners are able to glide over the floor due to the rotation of

the ball.  The ball is connected to the brush of the vacuum using a patented linkage system which

turns the brush head in the same direction as the ball.  Due to this innovation, the Dyson Ball™

vacuum is able to easily and fluidly move forward, backward and change direction on the surface

being vacuumed.  Changing the vacuum's direction on the surface being cleaned is done easily

with a simple twist of the wrist, since the brush head is designed not to lose contact with the floor

as the brush head turns in synch with the rotating ball.



The Dyson motor is also located *within* the ball, which keeps the machine's center of gravity

lower than in traditional models, thus reducing its weight in the user's hand and enhancing its

maneuverability.

17.   Other traditional vacuums, including Euro-Pro's Shark Navigator, use fixed-

wheels that run on an axle and cannot turn as easily as the Dyson DC25.  An attempt to turn the

Navigator sharply with a twist of the wrist, as can be done with the DC25, results in the

Navigator's brush head flipping up and losing contact with the floor.  Moreover, to maneuver a

Navigator around a corner on a carpeted surface would be difficult to accomplish without a three

point turn.  This is not necessary with the DC25, because Dyson Ball™ vacuums sit on a single

point and can pivot easily.  With far superior maneuverability compared to traditional two- or

four- fixed wheel upright vacuum cleaners, the Dyson Ball™ technology models have become a

great success in the US market.

18.    In or about March 2008 Dyson introduced in the US the DC25 "All Floors" model.  This is the Dyson bagless vacuum against which Euro-Pro claims parity and/or superiority in its recent advertisements that are the subject of this lawsuit.  The DC25 "All Floors" model incorporated numerous elements of Dyson's technology advances, making it one of the most high-performing and functional vacuum cleaners for any floor type.  The DC25 offers the following features which contribute to its consumer appeal: Dyson's patented Root Cyclone™ technology to maintain high suction power for the life of the vacuum cleaner; Dyson Ball™ technology for smooth steering of the vacuum with a turn of the wrist; a quick-draw Telescope Reach™ wand to allow for cleaning of hard-to-reach places and stair cleaning; a motorized brushbar (*i.e.*, the part of the vacuum cleaner which meets the floor) for better dirt and pet hair removal from carpets; technology which provides for cleaner exhaust air; and a five-year warranty that guarantees parts and labor.  A lighter weight version of the DC25 – known as the DC24—boasts the same features as the DC25 and has also been a substantial success in the U.S. market.  The DC25 "All Floors" is easily recognizable by its ball design, as depicted below.



19.    Dyson sells the DC25 at retail outlets throughout the United States, including Best Buy, Target, Bed Bath & Beyond, Kohl's, Sears, Lowe's, Home Depot, Sam's Club and Wal-mart.  The DC25 is also sold through retailer-associated websites and Internet-based retail

environments, including the Home Shopping Network and www.dyson.com.  At present, the

MSRP for the DC25 "All Floors" is $499.99.

**Euro-Pro's Shark Navigator Vacuum Cleaner**

20.   The Shark Navigator is an upright bagless vacuum sold by Euro-Pro.  The Shark

Navigator moves by use of two fixed wheels and does not contain Dyson Ball™ technology, or

any similar maneuverability technology.

21.   The Shark Navigator is sold at the following retail outlets: Lowe's, Amazon,

JCPenney, Best Vacuum, www.Fingerhut.com, Best Buy, Target, Wal-Mart, Bed Bath &

Beyond, and Kohl's.

22.   The following retailers carry the Shark Navigator *as well as* Dyson's DC25

vacuum: Lowe's, Amazon, Best Buy, Target, Wal-Mart, Bed Bath & Beyond, Kohl's.

**Euro-Pro's Shark Navigator Infomercial and Commercial**

23.   In July 2009, Dyson became aware of a 30-second Euro-Pro commercial (the

"Commercial") that appeared on television in Massachusetts and, upon information and belief, in

other states as well.  The Commercial contained the script set forth in Paragraph 27.  Dyson's

outside counsel promptly contacted Euro-Pro and asked for Euro-Pro to provide substantiation

for the advertising claims made in the Commercial.  Euro-Pro's response, through counsel, was

to deny that a 30 second Commercial for the Shark Navigator existed.  Dyson's outside counsel

then sent Euro-Pro's counsel a copy of the Commercial and again asked for Euro-Pro's

substantiation. Euro-Pro did not respond to Dyson's second request.

24.   Thereafter, Dyson became aware of additional Euro-Pro advertisements that

featured the Commercial, including an approximately 30 minute infomercial and infomercials of

shorter duration.  In the 30 minute infomercial, the Commercial is shown four times.  In the shorter infomercials, the Commercial is shown at least once.

25.   In recent weeks, the Commercial, either by itself, or as part of, or shown with, a Shark Navigator infomercial, has been broadcast widely in Massachusetts and throughout the US.  Upon information and belief, Euro-Pro has spent at least $5,000,000 running the Commercial on numerous popular television channels, including popular cable and satellite television channels, such as Home & Garden Television, the Style Network, TV Food Network, and others.  Upon information and belief, the Commercial is still being broadcast.

26.   The Commercial has been, and continues to be, streamed on the Shark Navigator website.  *See* http://www.sharkclean.com/ navigator/offer1.shtml.

27.   The Commercial depicts the Shark Navigator vacuum cleaner having a competitive "I can one-up you" conversation with a Dyson vacuum cleaner, scripted as follows:

> *Dyson: I am the legendary Dyson.*
> *Shark: I'm the new Shark Navigator.*
> *Dyson: I have no loss of suction technology.*
> *Shark: Hey! Me too!*
> *Dyson:  With my yellow ball, I can out-maneuver…*
> *Shark:  Well actually, independent lab tests proved I'm just as easy to push and pull-*
> *Dyson:  Deep cleaning carpets???*
> *Shark:  Yep.  Same lab tests… same deep cleaning…*
> *Dyson:  I have a  five-year warranty!*
> *Shark: Me too.*
> *Dyson: Ah…but I cost nearly $500 dollars.*
> *     (super appearing on screen reads: "Based on DC25 retail price")*
> *Shark:  Really?  I'm less than $200 dollars.*
> *Dyson: Oh…*

28.   The Commercial is mocking and disparaging in tone, as it has the Dyson vacuum speak in an exaggerated, pompous British accent (in reference to Dyson's British roots); in contrast, the Shark Navigator vacuum speaks in an unpretentious and friendly-sounding American female voice (obviously meant to represent the largest segment of the target audience).

10

The Commercial is replete with false claims, including false establishment claims, which individually and together communicate the unambiguous and explicit message that in various important respects, the performance and handling of the Shark Navigator are just as good as that of the Dyson DC25, but at less than half the price.

### EURO-PRO'S FALSE ADVERTISING AND PRODUCT DISPARAGEMENT

**Euro-Pro's False Push-Pull and Maneuverability Claims**

29.   *First*, the Commercial falsely claims that independent lab tests prove that the Shark Navigator "is just as easy to push and pull" as the DC25. Moreover, the Commercial does not limit this claim to any particular surface. Thus, the Commercial communicates the message that the Shark Navigator "is just as easy to push and pull" as the DC25 on all surfaces. Upon information and belief, Euro-Pro's alleged testing does not support this claim. Moreover, Dyson recently commissioned a scientific study by an independent laboratory, using an industry standard test that measures the ease with which the Dyson DC25 and the Shark Navigator can be pushed and pulled on various standard carpet surfaces. This test disproves Euro-Pro's "just as easy to push and pull" claim, in that it shows that Dyson's DC25 vacuum is easier to push and pull than the Shark Navigator on all but one of the tested surfaces.

30.   *Second,* the Commercial falsely claims that the Shark Navigator is as easy to maneuver as the Dyson DC25. It does this by way of a deliberate deception. As the talking Dyson DC25 begins to boast that it can "out-maneuver" other vacuum cleaners, the talking Navigator interrupts to reply that "Well actually, independent lab tests proved I'm just as easy to push and pull." Thus, the Commercial unmistakably and unambiguously equates a vacuum cleaner's maneuverability and the ease with which it can be pushed and pulled. However, a vacuum's maneuverability is not the same thing as its ability to be pushed in one direction and

11

then pulled back in the opposite direction.  Rather, maneuverability refers to a vacuum's ability to easily switch direction as the user maneuvers the vacuum around or under objects on the surface being vacuumed.

31.    That Euro-Pro is well aware that maneuverability is different from pushing and pulling in a straight line is demonstrated by Euro-Pro's own Shark Navigator infomercials, which show the supposed "maneuverability" of the Navigator by purporting to demonstrate the Navigator changing directions, often around objects in a room.  At three separate times in Euro-Pro's 30 minute infomercial, while the narrator says "look how the Navigator is so agile and easy to maneuver," the Navigator is purportedly shown being moved over an S-shaped trail of dust, which it vacuums up.

32.    Similarly, in the photos below, taken from the Shark Navigator product box, a curved "S" shaped white line demonstrates the path upon which the vacuum cleaner has supposedly been maneuvered.  This is a clearly different motion than the push forward and pull backward, *straight* path motion that industry standard push and pull testing measures.  Upon information and belief, the Navigator "S" shaped movements depicted in the infomercial and on the Navigator box cannot readily be made by untrained consumers.



33.    By deceptively equating "maneuverability" and ease of "push and pull", the Commercial communicates that the Shark Navigator is just as maneuverable as the Dyson DC25. This claim is false because, as a result of the Dyson Ball™ technology, the DC25 is inherently far more maneuverable than the two-wheeled upright Navigator.

Euro-Pro's Deep-Cleaning Parity Claim

34.    The  Commercial also claims that independent tests prove the Shark Navigator is at parity with the DC25 on "deep cleaning" capability ("*same lab tests. . . same deep cleaning*"). Further, Euro-Pro's packaging also claims general superiority both on bare floor and deep carpet cleaning with the following claim on its outer product box ("superior bare floor and deep carpet cleaning"):



35.    Upon information and belief, Euro-Pro's "independent tests" do not prove that the Shark Navigator is at parity with the Dyson DC25 at deep cleaning carpets or bare floors.

Euro-Pro's Bare Floor Cleaning Superiority Claim

36.    During its 30 minute infomercial, Euro-Pro also makes claims about the superiority of the Shark Navigator's bare floor cleaning abilities, proclaiming that the Shark Navigator offers "superior bare floor cleaning."  This claim is repeated in Euro-Pro's internet advertisement and web pages for the Shark Navigator:

13

- "DEEP CARPET AND SUPERIOR BARE FLOOR CLEANING: With our unique 2 motor system with brush roll shut off."  http://www.sharkclean.com/cgi-bin/livew/site.w?location=b2c/product.w&product=NV22W&frames=no&target=main&sponsor=000001.
- "Deep Carpet & Superior Bare Floor Cleaning with on/off brush roll." http://www.sharkclean.com/navigator/offer1.shtml.
- "DEEP CARPET AND SUPERIOR BARE FLOOR CLEANING" http://www.sharkclean.com/cgi-bin/livew/site.w?sponsor=000001

37.    Euro-Pro's "superior bare floor cleaning" claim is also advertised on almost every side of its Shark Navigator packaged box, as shown here:

 



This claim is also made on a sticker attached to the Shark Navigator vacuum itself, on the clear dust bin component:



14

38.   In fact, due at least in part to its vastly more powerful suction, the Dyson DC25 is superior to the Shark Navigator in its ability to clean various carpeted surfaces and bare floors.

Euro-Pro's "Never Loses Suction" and Related Claims

39.   In infomercials, Euro-Pro spokespersons give a "demonstration" of the Shark Navigator's suction power, which purports to show it outperform an unnamed competitor.  In the demonstration, the Shark Navigator appears to pick up and hold eight metal balls with its suction power, while the competitor can only pick up and hold two balls and performs poorly.  Later, referencing and replaying that demonstration, the infomercial also claims that the Navigator has "4 times the suction power".  The infomercial does not name the competitor in the demonstration, but the demonstration is both preceded by, and followed within seconds by, the Commercial, which explicitly names Dyson (and only Dyson) as the Shark Navigator's competitor, portrays a talking Dyson vacuum cleaner, and emphasizes the Navigator's suction power compared to a Dyson vacuum.  Euro-Pro's metal ball demonstration falsely communicates, and is likely to mislead consumers into believing, that a Dyson vacuum is the competing brand in the suction demonstration and the subsequent "4 times the suction power" claim.  This demonstration also falsely communicates that the Navigator has superior suction power compared to the Dyson DC25 and other Dyson vacuum cleaner models.

40.   Euro-Pro's false and deceptive performance claims about the Shark Navigator's suction are not limited to commercials and infomercials, but also appear on the product box and the vacuum cleaner itself.  The Shark Navigator comes packaged in a box which claims that it "never loses suction."

 

41.    Moreover, Euro-Pro has affixed a sticker to the Navigator itself vacuum which proclaims that it "never loses suction."

 

42.    This same claim ("never loses suction") also appears in Euro-Pro infomercials and on multiple pages of Euro-Pro's website advertising the Shark Navigator:

- "NEVER LOSES SUCTION. Most vacuums lose suction over time, but our Infinity Technology pulls 99% of dirt away from the filter, ensuring years of powerful cleaning." http://www.sharkclean.com/cgi bin/livew/site.w?location= b2c/product.w&product=NV22W&frames=no&target=main&sponsor=000001.
- "NEVER LOSES SUCTION.  Enjoy a lifetime of powerful cleaning." http://www.sharkclean.com/navigator/offer1.shtml.
- "NEVER LOSES SUCTION." http://www.sharkclean.com/cgi- bin/livew/site.w?sponsor=000001.

16

43.   On information and belief, Euro-Pro's claim that its Shark Navigator "never loses suction" is literally false.  On information and belief, when used under consumer-relevant conditions—for example, in situations where the Navigator dust bin has a substantial amount of dust and debris— the Shark Navigator will most certainly lose suction.

44.   Euro-Pro infomercials also claim that the Shark Navigator is the "next generation of no loss of suction" technology.  In context, this claim communicates the false message that the Shark Navigator's suction technology and/or power is an improvement over, and superior to, the Dyson DC25's suction capabilities.  This claim is false, as the Dyson DC25's suction technology and power are far superior to the Navigator's.

## HARM CAUSED BY EURO-PRO'S ACTIONS

45.   On information and belief, Euro-Pro has made false advertising claims, including establishment claims, representing that its product, the Shark Navigator is at parity with, or superior to, Dyson's DC25 vacuum cleaner in various respects.

46.   Euro-Pro's advertisements plainly state and necessarily imply to consumers that the Shark Navigator is the performance equivalent of the DC25 at a lesser price, when this is demonstrably false.

47.   Upon information and belief, the false and deceptive statements and advertising claims set forth herein are part of a common marketing scheme or plan of Euro-Pro to make purchasing consumers believe the false message that the Shark Navigator is equivalent to the Dyson DC25 in performance and handling at a much lower price.

48.   Euro-Pro's portrayal of Dyson products falsely communicates, confuses and deceives consumers, intentionally, through words and visual images, and through a combination

of words and visual images, into believing that the Shark Navigator is at parity with or superior to the Dyson DC25, specifically in performance claims of vacuum cleaner suction technology and power, maneuverability, ease of push and pull, and cleaning performance.  These messages are materially false and deceptive because, upon information and belief, the Shark Navigator does not perform better than or equal to the Dyson DC25 in respect of these qualities.

49.   Euro-Pro's portrayal of the Dyson DC25 falsely communicates, confuses and deceives consumers, intentionally, through words and visual images, and through a combination of words and visual images, into believing that the DC25 does not perform better than the Euro-Pro Shark Navigator in various material respects.

50.   Upon information and belief, Euro-Pro's advertisements were intended to falsely communicate and deceive consumers into believing that the Dyson DC25 vacuum cleaner, despite being more than twice as expensive as the Shark Navigator, is, at best, merely equivalent to the Shark Navigator in performance.

51.   Upon information and belief, the foregoing actions of Euro-Pro were undertaken willfully and wantonly, and with a conscious disregard for Dyson's rights.

52.   Prior to Euro-Pro's wrongful conduct, Dyson had developed and maintained substantial goodwill and reputation with regard to its products and business.  Euro-Pro's wrongful conduct, as described in this Complaint, has caused substantial damages, including harm to the reputation of Dyson's products and goodwill, and expenses in time and money incurred to combat Euro-Pro's false statements.

53.   As a direct and proximate result of Euro-Pro's false and deceptive campaign, Dyson is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

54.    Further, Euro-Pro's actions are likely to have caused and will likely continue to cause Dyson to suffer substantial damages, including loss of sales and profits of its vacuum cleaner products and loss of market share.

55.    The foregoing acts have occurred in, or in a manner affected, interstate commerce.

## CAUSES OF ACTION

### COUNT I

### FALSE ADVERTISING
### IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

56.    Dyson realleges and incorporates by reference paragraphs 1 through 55 of the Complaint, as though set forth in full herein.

57.    The foregoing acts of the Defendants constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.    As a direct and proximate result of Euro-Pro's false and deceptive campaign, Dyson is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

59.    As a direct and proximate result of these actions, Dyson has suffered and will continue to suffer significant monetary damages.

60.    This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

### COUNT II
### FEDERAL TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(C)

61.    Dyson realleges and incorporates by reference paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

62.   The Dyson trademarks, trade dress and brand are famous and distinctive.

63.   Euro-Pro's actions in using Dyson's famous and distinctive trademarks in association with false and misleading performance parity claims, and making disparaging comments about the Dyson brand, trademarks, and its British origins, as described above, have diluted, continues to dilute, and/or are likely to cause dilution of Dyson's trademarks.  Further, Euro-Pro's actions are likely to evoke unflattering thoughts about Dyson products, thereby diminishing and tarnishing Dyson's reputation and commercial value because the public will associate the lack of quality and/or lack of prestige in Euro-Pro's products with the Dyson brand.

64.   Euro-Pro's actions constitute violations of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65.   On information and belief, Euro-Pro's actions were in willful violation of Dyson's rights.

66.   Euro-Pro's actions are greatly and irreparably damaging Dyson and will continue to greatly and irreparably damage Dyson unless restrained by this Court.  As a result, Dyson is without an adequate remedy at law.

67.   Dyson is entitled to monetary damages, including but not limited to an award of Euro-Pro's profits.

## COUNT III

### UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES
### IN VIOLATION OF M.G.L. Ch. 93A

68.   Dyson realleges and incorporates by reference paragraphs 1 through 67 of the Complaint, as if fully set forth herein.

69.   Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts and both are engaged in interstate trade or commerce.

70.     Euro-Pro's unscrupulous actions constitute unfair business competition and have caused, and, unless enjoined by this Court, will continue to cause confusion and public deception in the marketplace and injury to Dyson's goodwill and reputation, for which Dyson has no adequate remedy at law.  Euro-Pro's acts alleged herein constitute unfair competition within the meaning of Mass. Gen. Laws ch. 93A, §§ 2 and 11.

71.     Euro-Pro has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's products, including Dyson's patented "no loss of suction" technology, causing a likelihood of confusion as to Defendants' affiliation, connection or association with Plaintiff, and are otherwise damaging Dyson and the public.  Euro-Pro has also disparaged Dyson and its products' quality, thereby damaging Dyson.

72.     Euro-Pro's conduct constitutes unfair and deceptive acts or practices in the course of business, trade or commerce in violation of Massachusetts Unfair Business Practice Act, Mass. Gen. Laws ch. 93A, §§ 2 and 11.

73.     Euro-Pro's actions demonstrate an intentional, willful and malicious intent to trade and capitalize on the goodwill associated with Dyson's famous trademarks, trade dress, brand and goodwill, thereby causing immediate substantial, and irreparable injury to Dyson and to the public.

74.     As a direct and proximate result of Euro-Pro's false and deceptive campaign, Dyson is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

75.     Euro-Pro has caused, and is likely to continue causing, substantial injury to the public and to Dyson.  As a direct and proximate result of these actions, Dyson has suffered and will continue to suffer significant monetary damages.

76.     Euro-Pro's unfair practices were knowing and willful.  Dyson is entitled to injunctive relief and to the recovery of actual damages, damages, attorneys' fees, costs, Euro-Pro's profits, and enhanced profits.  In addition, based on Euro-Pro's willful activities, Dyson is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREAS, Dyson prays for relief against Euro-Pro, and respectfully requests an entry of judgment as follows:

1.     For Preliminary and Permanent Injunction Orders which:

    a.     Preliminarily and permanently enjoin Euro-Pro, its officers, agents, servants and employees, and all persons in active concert and participation with them, including their affiliates, from further disseminating the false and deceptive advertising claims in any form or medium;

    b.     Require Euro-Pro to withdraw and/or retrieve all offending advertising materials from the marketplace;

    c.     Require Euro-Pro to disseminate among consumers corrective advertising, including corrective product packaging, to dispel the false and deceptive messages contained in the subject advertising;

2.     For an order directing Euro-Pro to account for, and to pay over to Dyson, all gains, profits and advantages derived by Euro-Pro from the above-described wrongful acts; and

3.     For monetary damages sustained by Dyson as a result of Euro-Pro's unlawful conduct, in an amount to be proved at trial, and to be multiplied or otherwise enhanced because of Euro-Pro's willful and deliberate activities described herein; and

4.      Directing that Euro-Pro pay Dyson punitive damages resulting from state law violations; and

5.      Directing that the Euro-Pro pay Dyson the costs of this action and its reasonable attorneys' fees incurred herein as authorized by law; and

6.      Granting Dyson such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dyson hereby demands a trial by jury.

Dated:  October 20, 2009

Respectfully submitted,

By:  ____*/s/ Steven M. Bauer*_____

Steven M. Bauer (BBO#542531)
Benjamin M. Stern (BBO#646778)
PROSKAUER ROSE LLP
One International Place
22nd Floor
Boston, MA  02110
Tel.: 617.526.9600
Fax.: 617.526.9899
Email: sbauer@proskauer.com
Email: bstern@proskauer.com

*-and-*

Lawrence I. Weinstein
(*pro hac vice application pending*)
Brendan J. O'Rourke
(*pro hac vice application pending*)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Tel.: 212.969.3000
Fax.: 212.969.2900
Email: lweinstein@proskauer.com
Email: borourke@proskauer.com

*Attorneys for Plaintiff*